IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-cv-000-59-FL

| | |
|---|---|
| MARIAN SNOW, ) | |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | |
| vs. ) | |
| ) | **JURY TRIAL DEMAND** |
| CITIBANK, N.A, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## NATURE OF ACTION

1. This is an action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the North Carolina Debt Collection Act ("NCDCA"), N.C. Gen. Stat § 75-50 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff Marian Snow ("Plaintiff"), also known as Marian Snow Gibbons, is a natural person who, at all relevant times, resided in the State of North Carolina.

5. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor.

6. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

7. Plaintiff is a "consumer" as defined by N.C. Gen. Stat. § 75-50(1).

8. Defendant Citibank, N.A. (hereinafter "Defendant") is a bank holding company who itself, or by and through its affiliates or subsidiaries, engages in the collection of debts

9. Defendant, at all relevant times, was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by N.C. Gen. Stat. § 75-50(2).

10. Defendant is a "debt collector" as defined by N.C. Gen. Stat. § 75-50(3).

## FACTUAL ALLEGATIONS

11. Beginning on or around February 7, 2012, Defendant, itself, or by and through its affiliates or subsidiaries, began making telephone calls to Plaintiff in an attempt to collect an alleged consumer debt in default.

12. Plaintiff's telephone number ending in 8462 is assigned to a service for which the called party is charged for the call.

13. Plaintiff's telephone number ending in 9170 is assigned to a cellular telephone service.

14. Beginning on or around February 7, 2012, Defendant began calling Plaintiff's telephone number ending in 8462 in an attempt to collect an alleged consumer debt in default.

15. On February 7, 2012, at approximately 8:15 am, during a call made to her telephone number ending in 8462, Plaintiff told Defendant to please communicate with her regarding her

account in writing only and not to call her again.

16. Additionally, on February 7, 2012, Plaintiff mailed a written communication to Defendant reiterating her telephone instructions and demanding that Defendant only communicate with her in writing regarding her account.

17. On February 7, 2012, Plaintiff's telephone instructions and the subsequent letter effectively withdrew any previously existing consent that may have been given to call Plaintiff on her telephone number ending in -8462, which is assigned to a service for which the called party is charged for the call.

18. Additionally, on February 7, 2012, Plaintiff's telephone instructions and her subsequent letter effectively withdrew any previously existing consent that may have been given to call Plaintiff at any telephone number, including any cellular telephone number the Defendant may attempt to call thereafter.

19. Between February 7, 2012 and May 9, 2012, Defendant made no less than three-hundred eighty-seven (387) telephone calls to Plaintiff's telephone number ending in 8462, notwithstanding the fact that it lacked Plaintiff's express consent to do so.

20. Plaintiff's telephone number ending in 8462 is associated with RingCentral, which is a cloud-based telephone service for which Plaintiff is charged for each and every incoming and outgoing call, whether a call is answered, is unanswered or if a voice mail is recorded.

21. During no less than thirty-five (35) of the above-referenced calls to Plaintiff's telephone number ending in 8462, Defendant left voice messages using an artificial or pre-recorded voice.

22. On February 8, 2012 at approximately 8:18am, Defendant made a call from (816) 420-4635 to Plaintiff's telephone number ending in 8462, and left an automated pre-recorded

message of approximately 60-seconds in length.

23. In Defendant's communication with Plaintiff on February 8, 2012 at approximately 8:18am, Defendant failed to disclose that it was a debt collector and/or was calling to collect a debt.

24. On February 10, 2012 at approximately 8:06am, Defendant made a call from (816) 420-4635 to Plaintiff's telephone number ending in 8462, and left an automated pre-recorded message of approximately 60-seconds in length.

25. In Defendant's communication with Plaintiff on February 10, 2012 at approximately 8:06am, Defendant failed to disclose that it was a debt collector and/or was calling to collect a debt.

26. On February 22, 2012 at approximately 8:10am, Defendant made a call from (816) 420-4635 to Plaintiff's telephone number ending in 8462, and left an automated pre-recorded message of approximately 60-seconds in length.

27. In Defendant's communication with Plaintiff on February 22, 2012 at approximately 8:10am, Defendant failed to disclose that it was a debt collector and/or was calling to collect a debt.

28. On February 24, 2012 at approximately 8:31am, Defendant made a call from (816) 420-4635 to Plaintiff's telephone number ending in 8462, and left an automated pre-recorded message of approximately 55-seconds in length.

29. In Defendant's communication with Plaintiff on February 24, 2012 at approximately 8:31am, Defendant failed to disclose that it was a debt collector and/or was calling to collect a debt.

30. On February 27, 2012 at approximately 8:09am, Defendant made a call from (816)

420-4635 to Plaintiff's telephone number ending in 8462, and left an automated pre-recorded message of approximately 55-seconds in length.

31. In Defendant's communication with Plaintiff on February 27, 2012 at approximately 8:09am, Defendant failed to disclose that it was a debt collector and/or was calling to collect a debt.

32. On February 28, 2012 at approximately 10:45am, Defendant made a call from (816) 420-4635 to Plaintiff's telephone number ending in 8462, and left an automated pre-recorded message of approximately 55-seconds in length.

33. In Defendant's communication with Plaintiff on February 28, 2012 at approximately 10:45am, Defendant failed to disclose that it was a debt collector and/or was calling to collect a debt.

34. On March 6, 2012 at approximately 2:58pm, Defendant made a call from (816) 420-4635 to Plaintiff's telephone number ending in 8462, and left an automated pre-recorded message of approximately 55-seconds in length.

35. In Defendant's communication with Plaintiff on March 6, 2012 at approximately 2:58pm, Defendant failed to disclose that it was a debt collector and/or was calling to collect a debt.

36. On March 7, 2012 at approximately 9:26am, Defendant made a call from (816) 420-4635 to Plaintiff's telephone number ending in 8462, and left an automated pre-recorded message of approximately 55-seconds in length.

37. In Defendant's communication with Plaintiff on March 7, 2012 at approximately 9:26am, Defendant failed to disclose that it was a debt collector and/or was calling to collect a debt.

38. On March 7, 2012 at approximately 3:22pm, Defendant made a call from (816) 420-4635 to Plaintiff's telephone number ending in 8462, and left a truncated automated pre-recorded message of approximately 10-seconds in length.

39. In Defendant's communication with Plaintiff on March 7, 2012 at approximately 3:22pm, Defendant failed to disclose that it was a debt collector and/or was calling to collect a debt.

40. On March 9, 2012 at approximately 8:01am, Defendant made a call from (816) 420-4635 to Plaintiff's telephone number ending in 8462, and left an automated pre-recorded message of approximately 55-seconds in length.

41. In Defendant's communication with Plaintiff on March 9, 2012 at approximately 8:01am, Defendant failed to disclose that it was a debt collector and/or was calling to collect a debt.

42. On March 9, 2012 at approximately 12:42pm, Defendant made a call from (816) 420-4635 to Plaintiff's telephone number ending in 8462, and left a truncated automated pre-recorded message of approximately 10-seconds in length.

43. In Defendant's communication with Plaintiff on March 9, 2012 at approximately 12:42pm, Defendant failed to disclose that it was a debt collector and/or was calling to collect a debt.

44. On March 12, 2012 at approximately 8:02am, Defendant made a call from (816) 420-4635 to Plaintiff's telephone number ending in 8462, and left an automated pre-recorded message of approximately 55-seconds in length.

45. In Defendant's communication with Plaintiff on March 12, 2012 at approximately 8:02am, Defendant failed to disclose that it was a debt collector and/or was calling to collect a

debt.

46. On March 13, 2012 at approximately 5:55pm, Defendant made a call from (816) 420-4635 to Plaintiff's telephone number ending in 8462, and left an automated pre-recorded message of approximately 55-seconds in length.

47. In Defendant's communication with Plaintiff on March 13, 2012 at approximately 5:55pm, Defendant failed to disclose that it was a debt collector and/or was calling to collect a debt.

48. On March 14, 2012 at approximately 8:01am, Defendant made a call from (816) 420-4635 to Plaintiff's telephone number ending in 8462, and left an automated pre-recorded message of approximately 55-seconds in length.

49. In Defendant's communication with Plaintiff on March 14, 2012 at approximately 8:01am, Defendant failed to disclose that it was a debt collector and/or was calling to collect a debt.

50. On March 27, 2012 at approximately 8:28am, Defendant made a call from (816) 420-4635 to Plaintiff's telephone number ending in 8462, and left an automated pre-recorded message of approximately 1-minute11-seconds in length.

51. In Defendant's communication with Plaintiff on March 27, 2012 at approximately 8:28am, Defendant failed to disclose that it was a debt collector and/or was calling to collect a debt.

52. On March 28, 2012 at approximately 8:05am, Defendant made a call from (816) 420-4635 to Plaintiff's telephone number ending in 8462, and left an automated pre-recorded message of approximately 1-minute11-seconds in length.

53. In Defendant's communication with Plaintiff on March 28, 2012 at approximately

8:05am, Defendant failed to disclose that it was a debt collector and/or was calling to collect a debt.

54. On March 29, 2012 at approximately 8:10am, Defendant made a call from (816) 420-4635 to Plaintiff's telephone number ending in 8462, and left an automated pre-recorded message of approximately 1-minute11-seconds in length.

55. In Defendant's communication with Plaintiff on March 29, 2012 at approximately 8:10am, Defendant failed to disclose that it was a debt collector and/or was calling to collect a debt.

56. On April 1, 2012 at approximately 4:14pm, Defendant made a call from (816) 420-4635 to Plaintiff's telephone number ending in 8462, and left a truncated automated pre-recorded message of approximately 50-seconds in length.

57. In Defendant's communication with Plaintiff on April 1, 2012 at approximately 4:14pm, Defendant failed to disclose that it was a debt collector and/or was calling to collect a debt.

58. On April 3, 2012 at approximately 8:32am, Defendant made a call from (816) 420-4635 to Plaintiff's telephone number ending in 8462, and left an automated pre-recorded message of approximately 1-minute11-seconds in length.

59. In Defendant's communication with Plaintiff on April 3, 2012 at approximately 8:32am, Defendant failed to disclose that it was a debt collector and/or was calling to collect a debt.

60. On April 10, 2012 at approximately 8:40am, Defendant made a call from (816) 420-4635 to Plaintiff's telephone number ending in 8462, and left an automated pre-recorded message of approximately 1-minute11-seconds in length.

61. In Defendant's communication with Plaintiff on April 10, 2012 at approximately 8:40am, Defendant failed to disclose that it was a debt collector and/or was calling to collect a debt.

62. On April 11, 2012 at approximately 8:34am, Defendant made a call from (816) 420-4635 to Plaintiff's telephone number ending in 8462, and left an automated pre-recorded message of approximately 1-minute11-seconds in length.

63. In Defendant's communication with Plaintiff on April 11, 2012 at approximately 8:34am, Defendant failed to disclose that it was a debt collector and/or was calling to collect a debt.

64. On April 12, 2012 at approximately 8:49am, Defendant made a call from (816) 420-4635 to Plaintiff's telephone number ending in 8462, and left an automated pre-recorded message of approximately 1-minute11-seconds in length.

65. In Defendant's communication with Plaintiff on April 12, 2012 at approximately 8:49am, Defendant failed to disclose that it was a debt collector and/or was calling to collect a debt.

66. On April 24, 2012 at approximately 6:26pm, Defendant made a call from (816) 420-4635 to Plaintiff's telephone number ending in 8462, and left an automated pre-recorded message of approximately 1-minute11-seconds in length.

67. In Defendant's communication with Plaintiff on April 24, 2012 at approximately 6:26pm, Defendant failed to disclose that it was a debt collector and/or was calling to collect a debt.

68. On April 25, 2012 at approximately 6:25pm, Defendant made a call from (816) 420-4635 to Plaintiff's telephone number ending in 8462, and left an automated pre-recorded

message of approximately 1-minute11-seconds in length.

69. In Defendant's communication with Plaintiff on April 25, 2012 at approximately 6:25pm, Defendant failed to disclose that it was a debt collector and/or was calling to collect a debt.

70. On May 1, 2012 at approximately 5:49pm, Defendant made a call from (816) 420-4635 to Plaintiff's telephone number ending in 8462, and left an automated pre-recorded message of approximately 60-seconds in length.

71. In Defendant's communication with Plaintiff on May 1, 2012 at approximately 5:49pm, Defendant failed to disclose that it was a debt collector and/or was calling to collect a debt.

72. On May 2, 2012 at approximately 6:28pm, Defendant made a call from (816) 420-4635 to Plaintiff's telephone number ending in 8462, and left an automated pre-recorded message of approximately 60-seconds in length.

73. In Defendant's communication with Plaintiff on May 2, 2012 at approximately 6:28pm, Defendant failed to disclose that it was a debt collector and/or was calling to collect a debt.

74. On May 3, 2012 at approximately 4:17pm, Defendant made a call from (816) 420-4635 to Plaintiff's telephone number ending in 8462, and left a truncated automated pre-recorded message of approximately 15-seconds in length.

75. In Defendant's communication with Plaintiff on May 3, 2012 at approximately 4:17pm, Defendant failed to disclose that it was a debt collector and/or was calling to collect a debt.

76. On May 3, 2012 at approximately 7:13pm, Defendant made a call from (816) 420-

Marian Snow v. Citibank, N.A                                                                                   Page 10 of 20

Case 5:14-cv-00059-FL   Document 1   Filed 02/03/14   Page 10 of 20

4635 to Plaintiff's telephone number ending in 8462, and left an automated pre-recorded message of approximately 60-seconds in length.

77. In Defendant's communication with Plaintiff on May 3, 2012 at approximately 7:13pm, Defendant failed to disclose that it was a debt collector and/or was calling to collect a debt.

78. On May 5, 2012 at approximately 4:27pm, Defendant made a call from (816) 420-4635 to Plaintiff's telephone number ending in 8462, and left an automated pre-recorded message of approximately 60-seconds in length.

79. In Defendant's communication with Plaintiff on May 5, 2012 at approximately 4:27pm, Defendant failed to disclose that it was a debt collector and/or was calling to collect a debt.

80. On May 6, 2012 at approximately 8:01am, Defendant made a call from (816) 437-1987 to Plaintiff's telephone number ending in 8462, and left an automated pre-recorded message of approximately 55-seconds in length.

81. In Defendant's communication with Plaintiff on May 6, 2012 at approximately 8:01am, Defendant failed to disclose that it was a debt collector and/or was calling to collect a debt.

82. On May 7, 2012 at approximately 8:00am, Defendant made a call from (816) 437-1987 to Plaintiff's telephone number ending in 8462, and left an automated pre-recorded message of approximately 55-seconds in length.

83. In Defendant's communication with Plaintiff on May 7, 2012 at approximately 8:00am, Defendant failed to disclose that it was a debt collector and/or was calling to collect a debt.

84. On May 8, 2012 at approximately 8:01am, Defendant made a call from (816) 437-1987 to Plaintiff's telephone number ending in 8462, and left an automated pre-recorded message of approximately 55-seconds in length.

85. In Defendant's communication with Plaintiff on May 8, 2012 at approximately 8:01am, Defendant failed to disclose that it was a debt collector and/or was calling to collect a debt.

86. On May 9, 2012 at approximately 8:01am, Defendant made a call from (816) 437-1987 to Plaintiff's telephone number ending in 8462, and left an automated pre-recorded message of approximately 55-seconds in length.

87. In Defendant's communication with Plaintiff on May 9, 2012 at approximately 8:01am, Defendant failed to disclose that it was a debt collector and/or was calling to collect a debt.

88. On February 11, 2012 at approximately 12:32pm, Defendant made a call to Plaintiff at her number ending in 8462, after having made around 19 prior calls, and it exhausted and/or depleted Plaintiff's pre-purchased RingCentral calling credits.

89. On February 28, 2012 at approximately 6:31pm, Defendant made a call to Plaintiff at her number ending in 8462, after having made around 40 prior calls, and again exhausted and/or depleted Plaintiff's pre-purchased RingCentral calling credits.

90. On March 15, 2012 at approximately 4:45pm, Defendant made a call to Plaintiff at her number ending in 8462, after having made around 125 prior calls, and again exhausted and/or depleted Plaintiff's pre-purchased RingCentral calling credits.

91. On April 14, 2012 at approximately 3:28pm, Defendant made a call to Plaintiff at her number ending in 8462, after having made around 220 prior calls, and again exhausted

and/or depleted Plaintiff's pre-purchased RingCentral calling credits.

92. The exhaustion or depletion of Plaintiff's pre-purchased RingCentral calling credits effectively interfered with Plaintiff's ability to have calls put through from other callers, including those made for emergency purposes.

93. Additionally, on March 16, 2012 at approximately 10:09am, Defendant made a call from (816) 420-4635 to Plaintiff's telephone number ending in 9170, which is assigned to a cellular telephone service, notwithstanding the fact that it lacked Plaintiff's express consent to do so.

94. During said call made on March 16, 2012 at approximately 10:09am to Plaintiff's cellular telephone number, Defendant left a voice messages using an artificial or pre-recorded voice.

95. The automated pre-recorded 44-second voicemail message Defendant left at Plaintiff's cellular telephone on March 16, 2012 at approximately 10:09am stated as follows:

> *"We are sorry we could not speak to you personally. We appreciate your busy schedule, so please call Citi Client First at 1-877-483-9183, regarding your Citi account relationships between the hours of 7 am and 9pm central time Monday through Friday. 7 to 3:30 Saturdays. And Sunday 9 to 5:30. This is not a sales call and any of our account specialists can assist you. Again the number is 1-877-483-9183 or you may email us at citiclientfirst@citi.com. We look forward to hearing from you."*

96. In the above-mentioned communication with Plaintiff made on March 16, 2012 at approximately 10:09am, Defendant failed to disclose that it was a debt collector and/or was calling to collect a debt.

97. Upon information and good faith belief, Defendant holds telephone records that show Defendant made other calls to Plaintiff's cellular telephone number, ending in 9170, notwithstanding the fact that it lacked Plaintiff's express consent to do so.

98. On one occasion, March 3, 2012, during the above-mentioned period, Defendant made calls to Plaintiff, causing her telephone to ring, as many as seventeen (17) times in a single day.

99. On no less than two (2) occasions, including March 6, 2012 and during the above-mentioned period, Defendant made calls to Plaintiff, causing her telephone to ring, as many as nine (9) times in a single day.

100. On no less than three (3) occasions during the above-mentioned period, April 23, 2012, Defendant made calls to Plaintiff, causing her telephone to ring, as many as eight (8) times in a single day.

101. On no less than eighteen (18) occasions during the above-mentioned period, Defendant made calls to Plaintiff, causing her telephone to ring, as many as six (6) times in a single day.

102. On no less than thirty-nine (39) occasions during the above-mentioned period, Defendant made calls to Plaintiff, causing her telephone to ring, as many as five (5) times in a single day.

103. On no less than fifty-four (54) occasions during the above-mentioned period, Defendant made calls to Plaintiff, causing her telephone to ring, as many as four (4) times in a single day.

104. When Defendant exhausted and/or depleted Plaintiff's calling credits with RingCentral, it effectively interfered with Plaintiff's ability to receive calls from other parties, including those potentially needing to be received for emergency purposes.

105. Upon information and good-faith belief, each and every telephone call made to Plaintiff's telephone numbers ending in both 8462 and 9170 were made using an automatic

telephone dialing system or predictive dialer.

106. Upon information and good-faith belief, Defendant made the telephone calls identified above voluntarily and under its own free will.

107. Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system or predictive dialer to make and/or place each of the telephone calls identified above.

108. Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system or predictive dialer to make and/or place each of the telephone calls identified above.

109. Defendant did not make or place any telephone calls to Plaintiff for emergency purposes.

110. Rather, upon information and good-faith belief, Defendant made each and every call to Plaintiff in connection with the collection of an alleged debt.

111. Though each and every call referenced herein was made by Defendant in an attempt to collect a debt, Defendant did not disclose in any of the voicemails that it left for Plaintiff at either telephone number, or at any other time, that the purpose of the calls was to collect a debt.

112. Upon information and good-faith belief, Defendant maintains business records that document all telephone calls made by it to Plaintiff.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

113. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 – 36.

114. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by making a non-emergency call to

Plaintiff's telephone number, that ends in 9170 and is assigned to a cellular service, using an automatic telephone dialing system or predictive dialer, notwithstanding Plaintiff's demands, both over the telephone and in writing, that Defendant stop calling Plaintiff, which had withdrawn any express consent that may or may not have existed.

115. Defendant also violated 47 U.S.C. § 227(b)(1)(A)(iii) by making a non-emergency call to Plaintiff's telephone number, that ends in 9170 and is assigned to a cellular service, and leaving a message using an artificial or pre-recorded, notwithstanding Plaintiff's demands, both over the telephone and in writing, that Defendant stop calling Plaintiff, which had withdrawn any express consent that may or may not have existed.

### COUNTS 2 through 36
### VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

116. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 – 36.

117. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by making no less than thirty-five (35) separate and distinct non-emergency calls to Plaintiff's a telephone number, that ends in 8462 and is assigned to a service for which the called party is charged for the calls, using an automatic telephone dialing system or predictive dialer, notwithstanding Plaintiff's demands, both over the telephone and in writing, that Defendant stop calling Plaintiff, which had withdrawn any express consent that may or may not have existed.

118. Additionally, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by making no less than thirty-five (35) separate and distinct non-emergency calls to a telephone number assigned to a service for which the called party is charged for the calls and leaving a message using an artificial or pre-recorded voice, notwithstanding Plaintiff's demands, both over the telephone and in writing, that Defendant stop calling Plaintiff, which had withdrawn any express consent that

may or may not have existed.

## COUNTS 37 through 91
## VIOLATION OF N.C. GEN. STAT. § 75-52(3)

119. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 – 36.

120. Defendant violated N.C. Gen. Stat. § 75-52(3) on no less than fifty-four (54) separate and distinct occasions by causing a telephone to ring with such frequency as to be unreasonable or to constitute a harassment to Plaintiff.

121. Indeed, Defendant made no less than 387 calls to Plaintiff between February 7, 2012 and May 5, 2012, including making numerous calls to Plaintiff on no less than fifty-four (54) separate and distinct occasions, calling from four (4) to as many as seventeen (17) times in a single 13-hour period.

122. Defendant's abusive actions in causing a telephone to ring with such frequency as to be unreasonable, notwithstanding Plaintiff's demands, both over the telephone and in writing, to not be called, constitute harassing conduct, and are thus unfair and deceptive acts.

123. The debt collection calls made by Defendant were directly connected with the consumer debt that Plaintiff allegedly owed to Defendant, and thus the debt collection calls of Defendant were business activities in or affecting commerce.

124. Defendant's actions caused Plaintiff injury, including emotional distress, pain and suffering, and economic loss in the form of charges incurred for the numerous calls made by Defendant to Plaintiff. Indeed, after weeks and months of being inundated by the continued calls, Plaintiff became overwhelmed with stress, was unable to sleep, and developed constant headaches. Further, Plaintiff received so many calls from Defendant that her minutes were exhausted on multiple occasions, causing her to miss other telephone calls. As a result of

Defendant's conduct, Plaintiff was forced to purchase additional call credits and ultimately a more expensive plan to compensate for all of the minutes used by Defendant's calls and messages.

## COUNTS 92 through 126
## VIOLATION OF N.C. GEN. STAT. § 75-54(2)

125. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 – 36.

126. Defendant violated N.C. Gen. Stat. § 75-54(2) on thirty-five (35) separate and distinct occasions, by failing to disclose in each of the above-referenced thirty-five (35) voicemail messages, and in other voicemail messages that may be reflected in Defendant's records, that the purpose of each communications was to collect a debt.

127. Each of Defendant's said thirty-five (35) calls which communicated with Plaintiff by leaving a voicemail message, constitutes deceptive representation as Defendant failed to "disclose in all communications attempting to collect a debt that the purpose of such communication is to collect a debt", and each is thus a specific, individual act of fraudulent, deceptive or misleading representation.

128. The debt collection calls made by Defendant were directly connected with the consumer debt that Plaintiff allegedly owed to Defendant, and thus the debt collection calls of Defendant were business activities in or affecting commerce.

129. Defendant's actions caused Plaintiff injury, including emotional distress, pain and suffering, and economic loss in the form of charges incurred for the numerous calls made by Defendant to Plaintiff. Indeed, after weeks and months of being inundated by the continued calls, Plaintiff became overwhelmed with stress, was unable to sleep, and developed constant headaches. Further, Plaintiff received so many calls from Defendant that her minutes were

Marian Snow v. Citibank, N.A                                                                                      Page 18 of 20

Case 5:14-cv-00059-FL   Document 1   Filed 02/03/14   Page 18 of 20

exhausted on multiple occasions, causing her to miss other telephone calls. As a result of Defendant's conduct, Plaintiff was forced to purchase additional call credits and ultimately a more expensive plan to compensate for all of the minutes used by Defendant's calls and messages.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

(a) Adjudging that Defendant violated 47 U.S.C. §227(b)(1)(A)(iii) in each of Counts 1 through 36, and that Defendant did so knowingly and willingly;

(b) Adjudging also that Defendant violated N.C. Gen. Stat. § 75-52(3) in each of Counts 37 through 91;

(c) Adjudging also that Defendant violated N.C. Gen. Stat. § 75-54(2) ) in each of Counts 92 through 126;

(d) Adjudging, pursuant to N.C. Gen. Stat. § 75-56(a), that Defendant' violations of N.C. Gen. Stat. § 75-52(3) and N.C. Gen. Stat. § 75-54(2) constitute unfair or deceptive acts or practices proscribed by N.C. Gen. Stat. § 75-1.1;

(e) Awarding Plaintiff statutory damages pursuant to 47 U.S.C. §227(b)(3) in an amount of $1,500.00 per violation;

(f) Awarding Plaintiff statutory civil penalties, pursuant to N.C. Gen. Stat. § 75-56(b)(ii), of not less than $500.00 nor greater than $4,000 for each violation, stated individually in Counts 37 through 128;

(g) Awarding Plaintiff actual damages sustained as a result of Defendant' violations, pursuant to 47 U.S.C. §227(b)(3)(B) and N.C. Gen. Stat. § 75-56(b)(i);

(h) Awarding Plaintiff cumulative remedies, pursuant to N.C. Gen. Stat. § 75-56(c), in addition to remedies otherwise available.

(i) Awarding Plaintiff damages, pursuant to N.C. Gen. Stat. § 75-16, against the defendant for treble the amount fixed by the verdict;

(j) Awarding Plaintiff her reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to N.C. Gen. Stat. § 75-16.1;

(k) Awarding other and further relief as the Court may deem just and proper;

(l) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(m) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Dated: February 3, 2014.

Respectfully submitted,

*[signature]*

Marian Snow
102 Nostalgia Lane
Zebulon, NC  27597
872-588-9170
msnow20@gmail.com