IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| MARIAN SNOW,<br><br>                  Plaintiff,<br><br>vs.<br><br>CITIBANK, N.A.,<br><br>                  Defendant. | Civil Action No. 5:14-cv-00059-FL |

## DEFENDANT CITIBANK, N.A.'S MOTION TO COMPEL ARBITRATION AND TO STAY ACTION

Pursuant to Rule 7 of the Federal Rules of Civil Procedure and 9 U.S.C. §§ 1, *et seq.*, of the Federal Arbitration Act ("FAA"), Citibank, N.A., ("Citibank") by and through undersigned counsel, respectfully moves the Court to stay the present action and to compel Plaintiff Marian Snow ("Plaintiff") to arbitrate all claims against Citibank alleged in the Complaint. In support of this motion, Citibank shows unto the Court the following:

1. This dispute was filed in this Court by Plaintiff on February 3, 2014 against Citibank, a national bank and credit card issuer, for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the North Carolina Debt Collection Act, N.C. Gen. Stat. §§ 75-50, *et seq.* ("NCDCA").

2. Plaintiff has two credit card accounts with Citibank. See Declaration of Elizabeth Barnette accompanying this Motion (hereinafter the "Barnette Decl."). Each of the accounts is subject to written terms and conditions as reflected in card agreements (the "Card Agreements"), as amended from time to time. See Barnette Decl. at ¶¶ 5-9, 10-21, Exs. 2, 4–6.

1

3. The Card Agreements include a choice of law provision providing for the application of federal law and the law of South Dakota, where Citibank is located. See Barnette Declaration, Exs. 2, 4–5.

4. The Card Agreements also contain a binding arbitration agreement (the "Arbitration Agreements"). See Barnette Decl. at ¶¶ 5-9, 12-19, Exs. 2, 4–6. The Arbitration Agreements are nearly identical and provide that either party can elect mandatory binding arbitration as follows (in salient part):

> **ARBITRATION:**
> **PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY. IT PROVIDES THAT ANY DISPUTE MAY BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO A JURY AND THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING. IN ARBITRATION, A DISPUTE IS RESOLVED BY AN ARBITRATOR INSTEAD OF A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN COURT PROCEDURES.**
>
> *Agreement to Arbitrate:*
> Either you or we may, without the other's consent, elect mandatory, binding arbitration for any claim, dispute, or controversy between you and us (called "Claims").
>
> *Claims Covered*
> **What Claims are subject to arbitration?** All Claims relating to your account, a prior related account, or our relationship are subject to arbitration, including Claims regarding the application, enforceability, or interpretation of this Agreement and this arbitration provision. All Claims are subject to arbitration, no matter what legal theory they are based on or what remedy (damages, or injunctive or declaratory relief) they seek. This includes Claims based on contract, tort (including intentional tort), fraud, agency, your or our negligence, statutory or regulatory provisions, or any other sources of law; Claims made as counterclaims, cross-claims, third-party claims, interpleaders or otherwise; and Claims made independently or with other claims. A party who initiates a proceeding in court may elect arbitration with respect to any Claim advanced in that proceeding by any other party. Claims and remedies sought as part of a class action, private attorney general or other representative action are subject to arbitration on an individual (non-class, non-representative) basis, and the

arbitrator may award relief only on an individual (non-class, non-representative) basis.

**Whose Claims are subject to arbitration?** Not only ours and yours, but also Claims made by or against anyone connected with us or you or claiming through us or you, such as a co-applicant, authorized user of your account, an employee, agent, representative, affiliated company, predecessor or successor, heir, assignee, or trustee in bankruptcy.

\* \* \*

**Broadest Interpretation.** Any questions about whether Claims are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced. This arbitration provision is governed by the Federal Arbitration Act (the "FAA").

\* \* \*

Barnette Decl. Exs. 2 at pp. 10-11, 4 at pp. 9-10, 6 at pp.1-2 (emphasis in original).

5. In her Complaint, Plaintiff alleges that Citibank violated both the TCPA and the NCDCA, based on telephone calls purportedly made to collect on an unidentified "debt" with Citibank.

6. All claims against Citibank stated in Plaintiff's Complaint are encompassed by the language of the Arbitration Agreements. Plaintiff's Complaint alleges misconduct by, and a disagreement with, Citibank concerning the credit card and related services, specifically, making telephone calls in an effort to collect on a debt governed by the Card Agreements. Plaintiff must, therefore, arbitrate the claims alleged in this case instead of pursuing a lawsuit in this Court.

7. Enforcement of the Arbitration Agreements would not result in prejudice to any party, including Plaintiff. This case is in preliminary stages; no dispositive motions have been filed.

8. Citibank has not waived its right to arbitrate.

9. Federal and North Carolina law, as well as public policy, strongly favor the arbitration of disputes, where, as here, Plaintiff seeks to dispute claims that she is contractually

3

bound to arbitrate. In this case, the Arbitration Agreements plainly require that the pending action be stayed in favor of an arbitration.

WHEREFORE, Defendant Citibank, N.A., respectfully prays that this Court stay these judicial proceedings and compel Plaintiff to arbitrate all claims alleged in the Complaint, and that the Court grant Citibank such other and further relief as the Court deems just and proper.

Respectfully submitted, this 28th day of March 2014.

    NELSON MULLINS RILEY & SCARBOROUGH LLP

    By: /s/ Phillip A. Harris, Jr.
    Joseph S. Dowdy
    N.C. Bar No. 31941
    Phillip A. Harris, Jr.
    N.C. Bar No. 39740
    4140 Parklake Avenue, Suite 200
    Raleigh, North Carolina 27612
    Phone: (919) 877-3800
    Fax: (919) 877-3799
    Email: joe.dowdy@nelsonmullins.com
    Email: phillip.harris@nelsonmullins.com

    *Counsel for Defendant Citibank, N.A.*

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this 28th day of March, 2014, the foregoing document was served on the following person by placing a true copy of the same in a repository in the custody of the United States Postal Service in an envelope designating delivery by First Class Mail, and properly addressed as follows:

> Marian Snow
> 103 Nostalgia Lane
> Zebulon, NC 27597

Respectfully submitted, this the 28th day of March 2014.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/ Phillip A. Harris, Jr.
Phillip A. Harris, Jr.
N.C. Bar No. 39740
4140 Parklake Avenue, Suite 200
Raleigh, North Carolina 27612
Phone: (919) 877-3800
Fax: (919) 877-3799
Email: phillip.harris@nelsonmullins.com
*Counsel for Defendant Citibank, N.A.*