IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| MARIAN SNOW,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITIBANK, N.A.,<br><br>　　　　Defendant. | Case No. 5:14-cv-00059-FL<br><br>RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF ELIZABETH S. BARNETTE IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY ACTION |

Defendant Citibank, N.A. ("Citibank" or "Defendant") through the undersigned counsel, hereby submits this Response in Opposition to Plaintiff's Motion to Strike the Declaration of Elizabeth S. Barnette in Support of Citibank's Motion to Compel Arbitration and Stay Action.

## STATEMENT OF THE CASE

Plaintiff commenced this action in this Court by the filing of a Complaint on or about February 3, 2014, alleging various violations of the Telephone Consumer Protection Act ("TCPA") and the North Carolina Debt Collections Act ("NCDCA"). Defendant moved to compel arbitration in this matter on or about March 28, 2014. On or about April 18, 2014, Plaintiff filed a response to Defendant's Motion to Compel Arbitration and Stay the Case. Plaintiff also filed a Motion to Strike the declaration that was used by Defendant in support of its Motion to Compel Arbitration. In her Motion to Strike, Plaintiff argues that the Declaration: (1) is not based on personal knowledge; (2) sets out facts that would not be admissible in evidence; (3) does not show the declarant is competent to testify; (4) is inadmissible or incompetent evidence; and (5) presents statements that are conclusory or speculative.

Plaintiff's baseless motion is nothing more than a spurious attempt to strike an admissible affidavit based solely on hypertechnical arguments that are not borne out by the facts and the

1

law. For the reasons developed below, Plaintiff's arguments fail and the Declaration, along with its supporting Exhibits, is entirely admissible for purposes of the motion.

The main thrust of Plaintiff's argument is essentially that Ms. Barnette is not qualified to submit a declaration on behalf of Citibank and that the exhibits are not admissible. Tellingly, Plaintiff offers no real facts to support her accusations regarding Ms. Barnette's knowledge as set forth in the Declaration. Instead, she repeatedly claims to have "never laid eyes" on various documents and offers conclusory denials of the various account documents. Moreover, the simple truth is that Plaintiff cannot deny that an arbitration agreement is in place between the Parties and that she has received multiple copies and notices of the arbitration agreement on her two accounts with Citibank. Her only argument against the Declaration, which a corporate representative submitted under penalty of perjury, is an overly technical interpretation of the rules that ignore common sense and the application of the law to these facts. For these reasons and those developed below, Plaintiff's motion should be denied.

## STATEMENT OF FACTS

On or about March 28, 2014, Elizabeth S. Barnette (the "Declarant") executed a declaration (the "Declaration") in connection with the filing of the Motion to Compel Arbitration filed in this matter. In her Declaration, she stated that she was an employee of Defendant and has worked with Defendant for 17 years. [Dkt. 11, at 1]. She also stated that she has "personal knowledge of the general business practices of Citibank with respect to its credit card accounts." *Id.* She noted that she has "access to the business records relating to the credit card accounts issued by Citibank including, in particular, the records of cardmember accounts and the applicable card agreements." *Id.* With respect to the business records, she noted the exhibits attached to the Declaration were "true and correct business records created and maintained by

Citibank . . . in the course of regularly conducted business activity, and as part of the regular practice of Citibank to create and maintain such records, and also were made at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter." *Id.* at 1-2. She also stated that the "statements set forth in this declaration are true and correct to the best of my knowledge, information and belief." *Id.* at 2. Moreover, she specifically stated that "[e]xcept where based upon information provided by persons working under my direction and supervision, the statements contained herein are based on my personal knowledge or review of Citibank's records, including records pertaining to the Citibank credit card account issued to Plaintiff Marian Snow." *Id.* at 2.

Through business records and her own personal knowledge, Declarant detailed Plaintiff's Citibank credit accounts and the terms and conditions of these accounts. [Dkt. 11, at 2-7]. She referred to not only Plaintiff's application for a credit card, but also transaction details showing her use of the cards and thus Plaintiff's acceptance of the terms including the arbitration agreement .[1] *Id.* at 3-7. Moreover, the Declarant attached copies of exemplar documents which she states were sent to Plaintiff and which contain the Arbitration Agreement between Plaintiff and Citibank. *Id.* at 3-4. The statements attached to the Declaration also include explicit references to change in terms agreements and arbitration agreements that were sent to Plaintiff. [Dkts. 11-3, 11-6, 11-7, and 11-13].

---

[1] Plaintiff is in error or is mistaken in her assumption that the only persons who can testify to whether a document was executed or not can be those persons who witnessed the signing of the documents. Even more curious, Plaintiff does not aver or declare that she did not sign this application or that it is not her signature on the application. Moreover, her claim that because the document contains only one page and thus "could not possibly be a true representation of the document it is represented to be," is absurd on its face. [Dkt. 14-1, at p. 2].

3

**ARGUMENT**

**I.   APPLICABLE LAW**

Under the Federal Rules of Civil Procedure, "[a]n affidavit or declaration used to support or oppose a motion must [1] be made on personal knowledge, [2] set out facts that would be admissible in evidence, and [3] show that the affiant or declarant is competent to testify on the matters stated." Fed.. R. Civ. P. 56(c)(4). "Generally, an affidavit filed in opposition to a motion for summary judgment must present evidence in substantially the same form as if the affiant were testifying in court." *Erichsen v. RBC Capital Mkts., LLC*, 883 F. Supp. 2d 562, 567 (E.D.N.C. 2012) (citing *Evans v. Technologies Applications & Service Co.*, 80 F.3d 954, 962 (4th Cir.1996)). "Federal Rule of Civil Procedure 56(e)[2] specifically requires that affidavits submitted on summary judgment contain admissible evidence and be based on personal knowledge." *Id.* (citations omitted). "Thus, summary judgment affidavits cannot be conclusory . . . or based upon hearsay." *Id.*

"[P]ersonal knowledge as required by Rule 56(e) can be inferred from a person's position or involvement in the matters discussed." *Mann v. First Union Nat'l Bank*, 2005 U.S. Dist. LEXIS 42632, *26 (W.D.N.C. Mar. 17, 2005) (noting that an affiant "was a paralegal with Defendants' counsel who, as part of her duties on this case, obtained the documents [and i]t is obvious from her affidavit that she has the personal knowledge necessary to authenticate the documents."). *See*, *e.g.*, *Verrier v. Sebelius*, 2010 U.S. Dist. LEXIS 27335, **11-12 (D. Md. Mar. 23, 2010) (noting that a court can reasonably infer that a declarant believed his statements to be true and correct and based on personal knowledge where the declarant uses the phrase "to the best of his personal knowledge" and the declaration was signed under penalty of perjury that

---

[2] Rule 56 was amended in 2010, and section (e), which dealt with affidavits, was moved to section (c)(4).

the statements he made were true and correct). "An affiant who reviews the business records of the organization that he or she is affiliated with, and who testifies on the basis of information acquired through the performance of his or her official duties, may be deemed competent by the court to testify as to those records." *Akers v. Beal Bank*, 845 F. Supp. 2d 238, 242 (D.D.C. 2012). *See*, *e.g.*, *Henry v. Chase Home Fin., LLC*, No. H-11-0668, 2012 U.S. Dist. LEXIS 164492, 10-11 (S.D. Tex. Nov. 19, 2012) (noting that the Fifth Circuit has "held that an affidavit can adequately support a motion for summary judgment when the affiant's personal knowledge is based on a review of her employer's business records and the affiant's position with the employer renders her competent to testify on the particular issue which the affidavit concerns."); *Katz v. Main St. Acquisition Corp.*, No. 11-CV-1838-JLS, 2012 U.S. Dist. LEXIS 58565, 11-12 (S.D. Cal. Apr. 26, 2012) (holding that a defendant's declaration was admissible for the purposes of summary judgment where it was based on personal knowledge and identified an exhibit as a business record).

Under the Federal Rules of Evidence, hearsay is defined as an out-of-court statement "offer[ed] in evidence to prove the truth of the matter asserted." Fed. R. Evid. Rule 801(c). The business records exception to hearsay states that a record of a regularly conducted activity is not hearsay if:

> [A] the record was made at or near the time by — or from information transmitted by — someone with knowledge;
> [B] the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> [C] making the record was a regular practice of that activity;
> [D] all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> [E] neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

## II. THE DECLARANT HAD PERSONAL KNOWLEDGE OF THE INFORMATION PRESENTED IN THE DECLARATION.

Plaintiff argues that the Declaration is objectionable because the "exhibits around which it revolves wholly fail to meet any standards for admissibility or reliability." [Dkt. 14, p. 11].[3] Plaintiff also attempts to make much of the fact that the Declarant states that the statements in the Declaration are made to the best of her "knowledge, information and belief." Plaintiff focuses on the information and belief component and skips the part where the Declarant said the statements are made according to her knowledge.[4]

Throughout her Memorandum, Plaintiff fundamentally miscasts what is required by a declarant to satisfy the requirement of personal knowledge. Here, Plaintiff basically ignores the portions of the Declaration which directly rebut her claims that the Declarant made her statement without personal knowledge. Plaintiff first states that the Declarant makes "no claim of having direct knowledge" of the matters she addresses; however, the Declarant clearly states that "the statements contained herein are based on my personal knowledge or review of Citibank's records. [Dkt. 11 at 2]. Furthermore, in each paragraph of the Declaration, she clearly provides context and cites documents which she not only has knowledge of but she attaches to the Declaration. [Dkt. 11]. As noted above, personal knowledge can be inferred from both her participation in preparing the Declaration for litigation purposes and from her review and statements related to the documents she attached to her declaration.

While Plaintiff appears to believe that the only person who can make a declaration is a participant in the transaction at the time a record was created, this is clearly not the case. *See*,

---

[3] The response to this argument is contained in Section IV below.

[4] The use of "and" is inclusive, or in other words, these statements were made to the best of her knowledge **and** to the best of her information and belief. If the Declarant had said "knowledge, information or belief," Plaintiff's spurious argument would have at least a hint of viability.

*e.g.*, *Aucutt v. Six Flags Over Mid-America, Inc.*, 85 F.3d 1311, 1317 (8th Cir. 1996) (holding, for the purposes of an affidavit, a supervisor, had personal knowledge of an employee's job performance issues even though he had not personally witnessed each of the incidents at issue). Moreover, the Declarant is a corporate representative of Citibank who reviewed the company's business records to gain personal knowledge of the facts and circumstances surrounding Plaintiff's account. Based on the Declarant's role as well as the actual language of the Declaration, the Declarant has more than satisfied the personal knowledge requirement of a declaration.

### III. EVEN IF THE DECLARATIONS AND EXHIBITS WERE TO BE CONSIDERED HEARSAY, WHICH DEFENDANT CONTENDS THEY ARE NOT, THEY FALL UNDER THE BUSINESS RECORDS HEARSAY EXCEPTION.

Plaintiff next attempts to argue that the Declaration and its Exhibits are littered with hearsay and are not protected by the business records exception to hearsay. Plaintiff makes several additional arguments that Declarant failed to comply with the requirements of the business record hearsay exception, manufacturing her own rules in the process. [Dkt. 14 at 2]. Plaintiff's arguments all fail.

As an initial matter, Plaintiff essentially argues that ¶¶ 5, 7-9, 11-21 of the Declaration, and the related Exhibits, "offer[] hearsay declarations." [Dkt. 14 at 17-22]. Beyond her conclusory averments in her affidavit that the statements in the Declaration are hearsay, Plaintiff avers that the Declarant was not the party who mailed or participated in the creation of specific records. She also makes several averments that she never received particular documents from Citibank.

Plaintiff fundamentally misconstrues what is required to demonstrate personal knowledge and specifically, she misconstrues what is and is not hearsay. A declarant who reviews business

records can testify on the basis of the information that the person retrieved during the performance of her job. *Beal Bank*, 845 F. Supp. at 242 ("An affiant who reviews the business records of the organization that he or she is affiliated with, and who testifies on the basis of information acquired through the performance of his or her official duties, may be deemed competent by the court to testify as to those records."). Here, this is no different than *Akers*,[5] as the Declarant has reviewed the records and gained the information necessary to make the declarations she made in the Declaration. The statements made in the Declaration relate to Declarant's knowledge of the procedures and policies of Citibank and the circumstances surrounding this case and content of documents. Accordingly it is not hearsay, as averred by Plaintiff, to point out what a document says. *See*, *e.g.*, *United States v. Owens*, 1996 U.S. App. LEXIS 13264 (9th Cir. Cal. May 21, 1996) ("The government did not offer the loan application

---

[5] In *Akers*, the court found the following:

> Under penalty of perjury, Parra represents that she has "personal knowledge of the facts contained in [her] declaration based on [her] review of the records of Countrywide, which are made and kept in the ordinary course of its business." Parra Decl. ¶ 1. If called as a witness, Parra attests that she "could and would testify competently" with respect to these business records, and affirms that the exhibits attached to her affidavit are "true and correct copies." *Id*. Furthermore, the court's own review of this supporting documentation, which includes exemplars of the account statements and bills that Countrywide sent to the plaintiff during the period in question, has not raised anything which would bring into question Parra's descriptions of these records. Thus, the court concludes that Parra's declaration and the attached documentation comply with the prescripts of Rule 56(c) regarding personal knowledge.
>
> Finally, with respect to the plaintiff's objections concerning authentication, the court notes that the 2010 amendments to Federal Rule of Civil Procedure 56 "eliminated the unequivocal requirement that documents submitted in support of a summary judgment motion must be authenticated." Under the current version of Rule 56, a litigant may support or oppose a motion for summary judgment by citing to materials in the record. The burden then falls "on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." Because the documentation at issue here would be admissible as a business record, and because Parra's declaration is "sufficient to support a finding that the item is what the proponent claims it is, the court determines that it may properly consider the documentation attached to Parra's declaration, as well as Parra's declaration."

*Beal Bank*, 845 F. Supp. 2d at pp. 242-243 (D.D.C. 2012) (internal citations omitted).

for the truth of the matters asserted in it, but rather to prove that Owens had made false representations about his employment and income. The loan application was therefore not hearsay and the business records exception was irrelevant.").

Even if the information is considered hearsay, and to the extent the Exhibits are submitted for the truth of the matters asserted, the Rule 803(6) business record exception requires only that the record was created at or near the time by someone with knowledge, was kept in the regular course of business, was made as a regular practice of the activity, and these conditions are shown by testimony of a qualified witness. Accordingly, and contrary to Plaintiff's statements, no additional elements were required to be shown by the Declarant.

With respect to the remaining alleged obligations, the Declarant noted that in addition to her 17 years of work with Citibank, she has access to the business records related to credit card accounts and that the exhibits, as business records, were not only true and correct, but were kept in the regular course of business. [Dkt. 11 at 1-2]. Throughout her Declaration, she further noted her knowledge of the business practices of Citibank, including that the accounts are subject to written terms and conditions, and she noted that "[e]xcept where based upon information provided by persons working under my direction and supervision, the statements contained herein are based on my personal knowledge or review of Citibank's records." [Dkt. 11 at 2]. Accordingly, the Declarant not only had personal knowledge, but she gained knowledge by both reviewing the records and compiling information provided by fellow employees to make the statements in the Declaration. These records, therefore, are admissible.

## IV. THE FACTS SET OUT IN THE DECLARATION ARE ADMISSIBLE.

Plaintiff next attempts to show that the Declaration Exhibits are "infirm and defective." [Dkt. 14 at 16-18, 21]. To the contrary, the Exhibits attached to the Declaration are all

9
Case 5:14-cv-00059-FL   Document 18   Filed 05/12/14   Page 9 of 15

admissible based on the Declarant's personal knowledge, and they are all admissible as business records under Rule 803(6) of the Federal Rules of Evidence. Specifically, the exhibits attached to the Declaration are all in the form of a memorandum, record, data or other documentary evidence. Each of the records attached has a time and/or date stamp explaining when the record was created and information as to who created the record. Specifically, the Declarant, beyond just stating this fact, includes multiple exhibits with signatures or operator identifications. Moreover, as mentioned by the Declarant, the records are kept in the course of the regularly conducted activity of Citibank.

Plaintiff has specific issues with Exhibits, 1, 7, 8, 11 and 13 as they are documents which state either "Please see next page" or "PLEASE REFER TO THE REVERSE SIDE." [Dkt. 14 at 16-22]. These documents are important for the information provided on the pages provided as Exhibits to the Declaration and are not relevant. Specifically, Exhibit 1 provides "Please see next page for CREDIT CARD DISCLOSURES, which include rates, fees and other cost information." [Dkt. 11-2 at 2]. None of that information is relevant for the purposes of this lawsuit. Similarly, the referral to the reverse side of the statements in Exhibits 7, 8, 11 and 13 relates to payment information, an irrelevant consideration for the purposes of this matter. [Dkts. 11-8 at 2-4; 11-9 at 2- 4; 11-12 at 2- 7; 11-14 at 2-4].

Plaintiff also has issues with Exhibits 2 and 4 as she notes they have the words "1st Proof" on the bottom of the pages. [Dkt. 14 at 16]. As an initial matter, the Declarant declared that both of these Exhibits were exemplars of the terms and conditions sent to Plaintiff. [Dkt. 11 at 4-5]. Nothing in these records, including the language cited by Plaintiff, calls into question Declarant's description of the documents as exemplars of those sent to Plaintiff. Indeed, no credit card issuer would be required to produce an actual copy of each and every card agreement

it sends to its customer. Rather, it is reasonable (and reliable) to use a form exemplar card agreement.

Plaintiff also makes the spurious claim that Exhibit 3 is infirm because her name is mispelled. [Dkt. 14 at 16]. While arguably a spelling error, it does not rebut the Declarant's statement that this is a transaction statement demonstrating that Plaintiff had an account with Citibank and she used the card after having received a copy of the terms and conditions including an arbitration agreement.

With respect to Exhibit 5, Plaintiff claims that the agreement in that exhibit has a date of "4/00," and the Declarant stated the agreement was sent in January 2000. [Dkt. 14 at 17]. Not only does the Declarant state that this is an exemplar of the agreement Plaintiff would have received, but on Page 9 of the agreement, where it is signed by the President and CEO, the actual date is listed as just 2000. [Dkt. 11-6 at 5]. Accordingly, Plaintiff's argument here also holds no weight.

As to Exhibit 6, Plaintiff alleges and avers that she never saw the document, while Declarant states that Citibank mailed her a copy of the document. [Dkt. 14 at 17; Dkt. 11 at 4]. Plaintiff fails to reconcile that Exhibit 7 is an additional record, in addition to the statements of the Declarant and Exhibit 6, confirming that Citibank did mail a copy of the insert to her during the ordinary course of business. Plaintiff does not allege that Citibank did not have her address, or that she did not receive the statement in Exhibit 8, which states that she should have received an important notice. Moreover, as set forth in Citibank's Reply in support of the Motion to Compel Arbitration, a conclusory denial of receipt of an agreement does not raise a genuine dispute as to the making of the arbitration agreement. [Dkt. 16 at 4]. To be clear, Plaintiff does NOT argue that this is not her account or that she never received any account documents

(including statements, etc). Rather, Plaintiff is really claiming that she does not recall receiving the account documents that support the arbitration agreement. Her undisputed use of both of the accounts, however, demonstrates here assent to the terms and conditions of those accounts, both of which include an arbitration agreement.

Plaintiff's issues with the Exhibit 9 printout are that the list of numbers and letters in the computer printout is vague, hearsay, and should have been produced using Microsoft Word. [Dkt. 14 at 18]. The printout is not only self-explanatory, in that an operator's identification and team name are listed numerically, but the Declarant notes that the language, as always based on her personal knowledge of general business practices, means that an insert was mailed to Plaintiff. [Dkt. 11-10 at 2]. Accordingly, Plaintiff's arguments with respect to Exhibit 9 fail.

As to Exhibit 10, Plaintiff appears to not understand, despite the Declarant's clarification, that the arbitration indicator on the computer printout signifies by the "Y" that the account is subject to arbitration. [Dkt. 11-11 at 5-6]. Declarant further noted that if the arbitration indicator had shown "N," the Plaintiff would have opted out of the arbitration agreement. *Id.* at 6. Contrary to Plaintiff's contention that the Declarant failed to show how she knows what these things mean, the Declarant noted that she has personal knowledge of Citibank's business practices and access to the business records. *Id.* at 1-2. Planitiff's claims with respect to Exhibit 10 are therefore baseless.

With respect to Exhibits 12 and 13, Plaintiff makes the same arguments that she made with respect to Exhibits 6 – 8. [Dkt. 14 at 21-22]. For the same reasons noted above, Plaintiff's argument fails.

## V. THE DECLARATION FULLY DEMONSTRATES THAT THE DECLARANT IS COMPETENT TO TESTIFY.

Plaintiff makes several arguments that the Declarant is incompetent to testify. The thrust of her argument is that the Declarant is not competent to testify because she has allegedly failed to demonstrate personal knowledge or demonstrate her qualifications. [Dkt. 14 at 23-25]. The Declarant has provided sufficient information for this Court to determine that she is competent to testify. First, Declarant not only identifies herself as an employee, she is far from a groundskeeper in that she has worked with Citibank for approximately 17 years and her responsibilities include preparing affidavits "in connection with litigation involving Citibank." [Dkt. 11 at 1]. All of this Plaintiff ignores. She also notes that she is authorized to provide the Declaration on Citibank's behalf. *Id.* Plaintiff's expectation that the Declarant must provide a complete work history, including training, location, job titles, computer skills, etc. is an extremely overbroad reading of the requirements of submission of an affidavit or declaration. More than that, Plaintiff ignores that the Declarant submitted this document under penalty of perjury – a significant reason why declarations can be used in motions such as Citibank's Motion to Compel Arbitration. Finally, the Declarant is a representative of Citibank who has reviewed, and familiarized herself, with not only Citibank's records in this case, but also the pleadings and motions on file. To say that she is not competent to testify is to ignore the substance of her knowledge and the Declaration, and hold fast to specious arguments over phraseology.

## VI. THE DECLARATION DOES NOT CONTAIN SPECULATIVE OR CONCLUSORY STATEMENTS.

Plaintiff's argument that the Declaration is based on speculative or conclusory statements relates to one declaration, that the Declarant "confirmed that both accounts are governed by terms and conditions that contain a nearly-identical arbitration agreement." [Dkt. 14 at 28-29]. Plaintiff claims that the Declarant fails to offer any "verified" evidence or documentation as to

13

Case 5:14-cv-00059-FL   Document 18   Filed 05/12/14   Page 13 of 15

how she confirmed or what authority she had to confirm. *Id*. at 28. Additionally, she argues that somehow the Declarant refers to over 10 different iterations of the cards. *Id*. at 29. It appears that she is making an argument about the trustworthiness of the information in the Declaration.

Plaintiff again fails to accurately reflect what is required for a declaration. Specifically, as the corporate representative of Citibank, the Declarant reviewed the business records for the two accounts and confirmed what agreements governed the accounts based on her review of the business records. [Dkt. 11 at 1-2]. These business records showed that Plaintiff had two accounts with Citibank (a Home Depot account and a Citibank AAdvantage Mastercard), and that she had been mailed copies of change in terms agreements with arbitration provisions with opt-out provisions Plaintiff never utilized. *Id*. at 2-6. Accordingly, the Declarant confirmed that both accounts were governed by terms and conditions that contained a nearly-identical arbitration agreement.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's Motion to Strike the Declaration of Elizabeth S. Barnette.

Respectfully submitted, this 12th day of May, 2014.

>  NELSON MULLINS RILEY & SCARBOROUGH LLP
>
> By: /s/ Phillip A. Harris, Jr.
> Joseph S. Dowdy
> N.C. Bar No. 31941
> Phillip A. Harris, Jr.
> N.C. Bar No. 39740
> 4140 Parklake Avenue, Suite 200
> Raleigh, North Carolina 27612
> Phone: (919) 877-3800
> Fax: (919) 877-3799
> Email: joe.dowdy@nelsonmullins.com
> Email: phillip.harris@nelsonmullins.com
> *Counsel for Defendant Citibank, N.A.*

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this 12th day of May, 2014, the foregoing document was served on the following person by placing a true copy of the same in a repository in the custody of the United States Postal Service in an envelope designating delivery by First Class Mail, and properly addressed as follows:

    Marian Snow
    103 Nostalgia Lane
    Zebulon, NC 27597

    NELSON MULLINS RILEY & SCARBOROUGH LLP

    By: /s/ Phillip A. Harris, Jr.
    Phillip A. Harris, Jr.
    N.C. Bar No. 39740
    4140 Parklake Avenue, Suite 200
    Raleigh, North Carolina 27612
    Phone: (919) 877-3800
    Fax: (919) 877-3799
    Email: phillip.harris@nelsonmullins.com

    *Counsel for Defendant Citibank, N.A.*

15
Case 5:14-cv-00059-FL   Document 18   Filed 05/12/14   Page 15 of 15